[Civ. No. 4725.  Second Appellate District, Division One.—May 11, 1927.]

FRANK POZEN, Respondent, v. W. A. PAVLOVSKI et al., Appellants.

[1] MONEY HAD AND RECEIVED—EVIDENCE—FINDINGS.—In this action to recover a sum of money which plaintiff had paid to defendants, on the alleged promise of defendants that they would furnish tickets to cover fares from Russia to California of certain relatives of plaintiff and would cause the immigration of said persons within three months, which promise was not fulfilled, while the evidence may have been open to a determination of facts favoring the theory and contention advanced by defendants, it was ample in substance to fully satisfy the requirements of law regarding the findings made by the trial court in favor of plaintiff.

(1) 4 C. J., p. 879, n. 86.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John L. Fleming, Judge.  Affirmed.

The facts are stated in the opinion of the court.

I. R. Rubin and M. G. C. Harris for Appellant.

Shapiro & Shapiro for Respondent.

HOUSER, J.—This is an appeal from a money judgment rendered in favor of plaintiff and against the defendants for the sum of $836.75 and costs.

As determined by the trial court, the facts of the case in substance are that plaintiff paid to defendants the sum of $836.75 on the promise made to plaintiff by defendants that they would "furnish tickets to cover three fares, third class, prepaids, from the city of Odessa, Russia, to the city of Los Angeles, California, for the relatives of said plaintiff herein"; that defendants would cause such immigration of the said persons within three months from the date of the receipt of said money; or in the event that defendants were unable to bring about said immigration, defendants would return to plaintiff the said sum of $836.75; that notwithstanding the fact that a period of more than three months

elapsed after the payment of the money to defendants, the said relatives of plaintiff were not furnished with said transportation tickets, and defendants failed and refused to return to plaintiff the said sum of $836.75, or any part thereof.

The appeal comes to this court by the so-called "alternative method." Although the brief filed herein contains no specification of errors, nor any headings, or titles by which may be definitely ascertained the foundational point upon which appellants rely for a reversal of the judgment, appellants' criticism appears to be directed to the objection that the facts adduced at the hearing of the action were insufficient to sustain the findings of fact made by the trial court; that the findings of fact should have recited an entirely different state of facts; and with such facts as a basis that the conclusions thereon and the judgment by the court should have been in favor of defendants.

Notwithstanding the failure of appellants to conform to the rule which requires that the appellant "must present each point separately, under an appropriate subheading, showing the nature of the question to be presented," this court, disregarding the possible penalty to appellants therefor of dismissing their appeal, has examined the transcript of the proceedings on the trial of the action, from which it clearly appears that the evidence was sufficient to justify the trial court in its several conclusions as to the facts in the case. Indeed, the brief filed by appellants contains many admissions and re-statements of the evidence which in and of itself would insure a foundation for the very findings of fact to which they apparently take exception. It would serve no useful purpose to set forth the evidence. [1] Suffice it to say that, while it may have been open to a determination of facts favoring the theory and contention advanced by the defendants, it was ample in substance to fully satisfy the requirements of the law regarding the findings which were made by the trial court.

No question is raised by appellants as to the propriety of the judgment on the facts as found. It follows that the judgment should be and it is affirmed.

Conrey, P. J., and York, J., concurred.